AJAX TOOL COMPANY, INC., Respondent, v. NATIONAL TOOL COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, April, 1923.

Negotiable instruments — corporate note payable to officer individually — diversion by president to his own uses — when one receiving note put on notice — obligation to make inquiries — when judgment in favor of holder reversed.

A promissory note of the defendant corporation dated October 13, 1921, and signed by its president and treasurer, was made payable on demand to said president who on or about March 2, 1922, indorsed the note in blank and delivered it to his brother, an officer of the plaintiff corporation. On the same day plaintiff indorsed the note and deposited it in a trust company for collection but payment thereof was refused. In an action against the maker the defendant, while admitting the making of the note, pleaded as a defense that it was given to the payee for the express purpose of raising money for the defendant corporation and that without its knowledge or consent the payee diverted the note and turned it over to plaintiff, who knew and had reason to believe that the note was not a *bona fide* instrument and was taken from defendant without any consideration having been paid therefor. There were two conflicting claims as to the origin and purpose of the note, and the evidence tending to support them was submitted to the jury, who by the charge of the court and its refusal to charge that " where an officer of a corporation makes a corporate obligation payable to himself and then attempts to deal with it for his own benefit, that a paper of that character, presented by an officer or an agent of the corporation bears on its face sufficient notice of the incapacity of the officer or agent to issue it " were in effect instructed that even if they believed the note had been diverted from the purpose for which it was given, the plaintiff, being under no obligation to make inquiry of the maker and having accepted the note in payment of the personal indebtedness of the president of defendant,

was a holder in due course and entitled to recover. *Held*, error, for which a judgment entered upon a verdict in favor of plaintiff will be reversed and a new trial ordered.

Appeal from a judgment rendered in favor of the plaintiff after a trial before a court and jury in the City Court of the city of New York on the 12th day of October, 1922, for the sum of $604.67.

*Leopold Blumberg*, for appellant.

*Benjamin Gassman*, for respondent.

Burr, J. Plaintiff and defendant are corporations carrying on business in the city of New York. This is an action on a promissory note dated October 13, 1921, made by the defendant corporation signed by H. P. Rosenberg, its president and treasurer, payable to H. P. Rosenberg (its president) on demand. It was indorsed by H. P. Rosenberg in blank and delivered to a brother of the payee, an officer of the Ajax Tool Company, Inc., the plaintiff corporation, on or about March 2, 1922, indorsed by said corporation and deposited on or about the 2d day of March, 1922, in the Union Trust Company of New Jersey for collection and payment thereof was refused when presented. The defendant admitted the making of the note and set up as a defense that the note was given to Rosenberg, the payee, for an express purpose, to raise money for the company, and that without the knowledge or consent of defendant said payee diverted said note from the purpose for which it was made and turned it over to the plaintiff who " knew and had reason to believe that said note was not a *bona fide* instrument and was taken from defendant without any consideration and was diverted by said H. P. Rosenberg as aforesaid." Witnesses were called by defendant to support this defense who testified that H. P. Rosenberg, the president of defendant corporation, had signed the note on behalf of the company making it payable to his own order so that he could have the same discounted and use the proceeds for the benefit of defendant and in accordance with its directions; that he retained the note, diverted it from its proper use and delivered it to his brother, an officer of the plaintiff corporation, ostensibly in payment of an indebtedness due by him personally to the plaintiff. Plaintiff called the payee, H. P. Rosenberg, as a witness who testified the note was given him by the defendant in payment for traveling expenses incurred by him during the two preceding years, and that he took the note because the company had no money to pay him at the time it was made, and that he delayed using the note for that reason, and finally on March 2, 1922, used it to pay off in part his personal indebtedness to the plaintiff.

Gustave Rosenberg, one of the officers of the plaintiff corporation and a brother of H. P. Rosenberg, testified that the plaintiff company sold merchandise to H. P. Rosenberg, the payee of the note, during a period of about four months; that the amount of the latter's indebtedness was about $900; that they began to sell him about two months after he was ousted out of the defendant company, and denied all knowledge of any arrangement between H. P. Rosenberg and the defendant regarding the use of the note, and that at the time he accepted the note he believed that the defendant executed the note for money due to the said H. P. Rosenberg. It clearly appears, therefore, that this demand note, signed by the president and treasurer of the defendant payable to H. P. Rosenberg (its president), was received by plaintiff in part payment of the $900 personal indebtedness of said H. P. Rosenberg six months after its date.

These two c      :ting claims as to the origin and purpose of the note and th      .idence supporting them were submitted by the court to the jury who brought in a verdict in favor of the plaintiff for the amount of the note. The appellant claims the verdict should be set aside and the judgment entered therein reversed because it is against the weight of evidence and because of alleged errors committed in the charge of the trial justice to the jury.

The evidence with regard to the inception and making of the note was conflicting, and if the questions involved were properly submitted to the jury the verdict should not be disturbed.

At the end of the charge to the jury the defendant's counsel requested the trial justice " to charge the jury that in a case where an officer of a corporation makes a corporate obligation payable to himself and then attempts to deal with it for his own benefit, that a paper of that character, presented by an officer or an agent of the corporation bears on its face sufficient notice of the incapacity of the officer or agent to issue it."

" The Court: I decline to so charge but in that regard, I charge you that, in the negotiation of a promissory note, if that note is drawn by an officer of the corporation and made payable to the same officer of that corporation, that that fact invites more investigation than if it were payable to somebody else; but there is nothing in the law that denies to a corporation the right to make a note payable to itself and to have it discounted, and there is nothing in the law that prevents an officer of a corporation making a promissory note payable to that same officer and, as long as there is nothing in the nature of a condition or in the circumstances surrounding the transfer of the note, or in the discounting of the sale of that negotiable instrument which would excite suspicion,

the mere fact that the note is made payable to the president of the corporation or to an officer of the corporation, does not invalidate the note. Defendant's Counsel: I except to the modification and to your Honor's refusal to charge as requested, and I ask your Honor to charge the jury that the fact that the note was not presented for payment for six months, and in view of the fact that it was not presented within a reasonable time, is a matter for the jury to take into consideration in determining whether they are *bona fide* holders and owners of the note. The Court: I decline to so charge." An exception was thereupon taken and noted by defendant to the modification and to the refusal of the trial justice to charge as requested.

After the jury had been out some time it appears from the record they sent a communication to the court and they were thereupon called into the court room where the court proceeded to further instruct them as follows: " The Court: I have received the following communication from you, gentlemen of the jury, which I will now answer. The communication is as follows: ' Should the fact that a note was made for a specific purpose or not sway us in our judgment? ' From that I take it your difficulty is this: that you want to know whether or not, when a note is made with peculiar or particular conditions imposed on it, to be negotiated only in a certain way, and that fact is known between the maker and the payee, should that arrangement be binding on everybody. In answer to that I will charge you again that the law with regard to promissory notes or negotiable instruments is that when an individual is a holder in due course, as I have defined it to you, such condition would have no effect on him whatever. For instance, if the note were taken with a condition imposed upon it by the maker or if the note were delivered, with condition that it was not to be negotiated, and if in either of those instances it was negotiated, the holder in due course who came in possession of it, could collect it. The defense that is urged in this case is not good against a holder in due course, but it is good against any other holder. A holder in due course is one who takes the instrument in good faith and for value and before it becomes due and without notice of any infirmity in the instrument. Defendant's Counsel: I except to your Honor's instruction to the jury."

It is thus apparent that it was of the greatest importance that the jury should have been properly instructed as to the duty or obligation imposed by law upon plaintiff in acquiring from the payee concededly for his own benefit this demand note which on its face showed it was signed by the president of the defendant corporation and made payable to himself. When paper of that

character is presented by the officer or agent of the corporation it bears upon its face sufficient notice of the presumptive incapacity of the officer or agent to issue it. The effect of such notice was to put the plaintiff upon inquiry to ascertain whether it was about to accept a note from one to whom it did not belong and the presumption arising from the face of the note was that it belonged to the defendant corporation and that its president had no right to use it to pay his personal debt. See *Ward* v. *City Trust*, 192 N. Y. 61; *Newman* v. *Newman*, 160 App. Div. 331. The form of the note was sufficient to put the plaintiff on inquiry as to the authority of the corporation to execute it and as to its consideration and plaintiff is chargeable with such knowledge as it might have acquired.

If the jury believed the testimony of defendant's witnesses that the note had been given to its president by the corporation for a special corporate purpose and had been diverted from that purpose by the president and used by him to pay his personal debt, in the absence of any evidence that plaintiff after the notice of infirmity contained on the face of the note made any inquiry of the defendant corporation as to the inception and making of the note, they might well have found that plaintiff was not a holder in due course and accordingly rendered a verdict for defendant.

As presented by the learned trial justice in his charge and his refusal to charge, the jury were in effect instructed that even if they believed the note had been diverted from the purpose for which it was given, the plaintiff being under no obligation to make inquiry of the maker and having accepted the note in payment of the personal indebtedness of the president of the defendant was a holder in due course and entitled to recover. This was error for which the judgment must be reversed and a new trial ordered.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

LEHMAN and LYDON, JJ., concur.

Judgment reversed.